1  PHILIP M. JAY, DISTRICT COUNSEL #086174
   CATHERINE TOGNAZZINI, Ass't District Counsel #226957
2  SAN JOAQUIN VALLEY UNIFIED AIR
   POLLUTION CONTROL DISTRICT
3  1990 E. Gettysburg
   Fresno, California 93726
4  Telephone: (559) 230-6033 / Facsimile: (559) 230-6061

5  Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| LATINO ISSUES FORUM, MEDICAL ADVOCATES FOR HEALTHY AIR, and SIERRA CLUB, <br><br> Plaintiffs, <br><br> v. <br><br> SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT, <br><br> Defendant. | **Case No.** <br><br> **1:05cv-607 OWW DLB** <br><br> **CONSENT DECREE** |

WHEREAS, on January 20, 2005, plaintiffs Latino Issues Forum, Medical Advocates for Healthy Air, and Sierra Club served on defendant San Joaquin Valley Unified Air Pollution Control District a notice of intent to file a federal Clean Air Act citizen suit pursuant to 42 U.S.C. § 7604(b) ("60-day notice") listing seven rules contained in defendant's federally approved *2003 San Joaquin Valley Plan to Attain Federal Standards for Particulate Matter 10 Microns and Smaller* ("PM-10 Plan"). A true and correct copy of said 60-day notice is attached hereto and incorporated herein as Exhibit 1;

WHEREAS, since the serving of said 60-day notice, defendant has adopted two of the rules listed as overdue;

WHEREAS, plaintiffs filed a complaint in this matter on May 5, 2005 against defendant;

WHEREAS, in their complaint, plaintiffs allege that defendant violated the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*, including 42 U.S.C § 7604(a) & (g), by failing to adopt four specific pollution control rules by the dates contained in its federally-approved PM-10 Plan;

WHEREAS, plaintiffs and defendant ("parties") agree that this Court has jurisdiction to enter this Consent Decree, and have agreed to enter into this Consent Decree without any admission or adjudication of any issue of fact, law, liability, or remedy;

WHEREAS, it is in the interest of the parties, the public, and judicial economy to resolve these claims without further litigation;

WHEREAS, plaintiffs have agreed to enter into this Consent Decree in order to achieve the emissions reductions associated with four specific pollution control rules without the delay associated with litigating these claims, and remained concerned about the future implementation of the PM-10 Plan; and

WHEREAS, the Court finds and determines that this settlement represents a just, fair, adequate and equitable resolution of the claims resolved herein:

NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. No later than December 31, 2005, defendant shall adopt in final form District Rule 4307, or an equivalent measure, to reduce oxides of nitrogen ("NOx") from small boilers, steam generators, and process heaters as required by District's 2003 PM-10 Plan. The rule shall both become effective and be submitted by defendant to the California Air Resources Board ("CARB") for review and submission to the U.S. Environmental Protection Agency ("EPA") as a revision to the California State Implementation Plan ("SIP") no later than January 31, 2006.

2. No later than December 31, 2005, defendant shall adopt in final form District Rule 4309, or an equivalent measure, to reduce NOx from commercial dryers as required by District's 2003 PM-10 Plan. The rule shall both become effective and be submitted by defendant to CARB for review and submission to EPA as a revision to the SIP no later than January 31, 2006.

3. No later than December 31, 2005, defendant shall adopt in final form District Rule 4903, or an equivalent measure, to reduce NOx from residential space heaters as required by

District's 2003 PM-10 Plan. The rule shall both become effective and be submitted by defendant to CARB for review and submission to EPA as a revision to the SIP no later than January 31, 2006.

4. No later than December 31, 2005, defendant shall adopt in final form a District Rule (yet to be numbered), or an equivalent measure, to reduce NOx from industrial, commercial, and institutional water heaters as required by District's 2003 PM-10 Plan. The rule shall both become effective and be submitted by defendant to CARB for review and submission to EPA as a revision to the SIP no later than January 31, 2006.

5. For purposes described in paragraphs 1 through 4 above, "equivalent measures" refers to new substitute rules, measures, or programs that achieve the same or greater reductions in pollutants.

6. The parties also agree that in the event plaintiffs file a Clean Air Act citizen suit regarding District's 2003 PM-10 Plan commitment to adopt Rule 9510, "Indirect Source Mitigation Program," plaintiffs will file a new 60-day notice under 42 U.S.C. § 7604(b).

7. Any provision of this Consent Decree may be modified by the Court upon the motion of any party to this Consent Decree and consideration of any response by a non-moving party if the party seeking modification demonstrates that such modification is consistent with law and in the public interest, or if all parties agree to the modification.

8. Nothing in this Consent Decree shall be construed to bind the United States in any manner.

9. All submissions that this Consent Decree requires the defendant to make to CARB shall be submitted contemporaneously to the undersigned counsel for plaintiffs.

10. Plaintiffs' claims shall be dismissed with prejudice and this Consent Decree shall terminate when defendant has executed its obligations under Paragraphs 1-4, and plaintiffs have received a check resolving their claim for costs and attorneys fees pursuant to Paragraph 11. Within 30 days of the last of these events, plaintiffs shall file with the Court a motion to dismiss their complaint with prejudice. If plaintiffs fail to do so, defendant may file such a motion and,

absent any dispute over the completion of defendant's obligations, plaintiffs shall not oppose the dismissal of this action with prejudice.

11. Pursuant to section 304(d) of the Clean Air Act, 42 U.S.C. § 7604(d), defendant agrees to pay plaintiffs Thirty-five Thousand Eight Hundred Fifteen Dollars ($35,815.00) as their costs of this litigation, including attorneys fees. This amount constitutes full satisfaction of any remaining claims for attorneys' fees and costs incurred by plaintiffs during the course of this litigation. Plaintiffs reserve the right to seek additional reasonable fees and costs, which plaintiffs may incur in enforcing this Consent Decree, should defendant fail to comply with the actions required herein. No later than thirty days after entry of this Consent Decree, defendant shall mail a check payable to Earthjustice in the amount of Thirty-five Thousand Eight Hundred Fifteen Dollars ($35,815.00) to Earthjustice, c/o Deborah Reames, 426 17th Street, Fifth Floor, Oakland, California 94612.

12. Plaintiffs reserve all rights and remedies, which may pertain to defendant's failure to comply with any of the requirements of this Consent Decree. Plaintiffs reserve the right to contest any action the EPA may take (or not take) when it reviews the rules that defendant is obligated to submit to CARB under this Consent Decree for incorporation into the SIP. Except as provided expressly herein, nothing in this Consent Decree shall constitute a release or waiver of any claim plaintiffs may have against the defendant relating to compliance with the Clean Air Act.

13. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, plaintiffs shall submit this Consent Decree, once lodged with the Court, to the Attorney General and the EPA Administrator for a 45-day review period pursuant to 42 U.S.C. § 7604(c). The parties reserve the right to withdraw their consent to entry of this Consent Decree if the United States notifies this Court in writing that it opposes entry of this Consent Decree. The parties agree not to oppose entry of this Consent Decree or to challenge any provision of this Consent Decree unless the United States notifies the Court in writing that it opposes entry of this Consent Decree.

SJVUAPCD
1990 E. Gettysburg
Fresno, CA  93726
(559) 230-6033

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to consent to the Court's entry of the terms and conditions of this Decree, subject to the provisions in Paragraph 13.

IT IS SO ORDERED this 1st day of __July__ 2005.

/s/ OLIVER W. WANGER

UNITED STATES DISTRICT COURT JUDGE

1  FOR THE PLAINTIFFS:

3          Dated: May _5_, 2005

5              /s/ George M. Torgun
   DEBORAH S. REAMES
6  GEORGE M. TORGUN
   Attorneys for plaintiffs Latino Issues Forum, Medical
7  Advocates for Healthy Air, and Sierra Club

10 FOR THE DEFENDANT:

12         Dated: May _5_, 2005

14             /s/ Philip M. Jay (as authorized on May 4, 2005)
   PHILIP M. JAY
15 District Counsel for the San Joaquin Valley Unified Air
   Pollution Control District